O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | | |
|---|---|---|
| JUAN M. GUTIERREZ, | ) | Case No. EDCV 09-00443-MLG |
| | ) | |
| Plaintiff, | ) | MEMORANDUM OPINION AND ORDER |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL J. ASTRUE, Commissioner of the Social Security Administration, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Juan M. Gutierrez ("Plaintiff") seeks review of the Commissioner's final decision denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") pursuant to Titles II and XVI of the Social Security Act. For the reasons stated below, the Commissioner's decision is reversed, and this action is remanded for further proceedings.

**I.   Factual and Procedural Background**

Plaintiff was born on June 3, 1964. (Administrative Record ("AR") at 18, 86). He has a marginal education and is able to communicate in

English. (AR at 18).

Plaintiff filed applications for DIB and SSI, alleging that he has been disabled since October 13, 2003, due to back problems, spinal problems, and disc injuries. (AR at 13, 104). The Social Security Administration denied Plaintiff's applications at the initial and reconsideration levels. (AR at 11, 24-28, 32-36).

A *de novo* hearing was held before Administrative Law Judge Joseph D. Schloss (the "ALJ") on September 18, 2008. (AR at 392-429). Plaintiff was represented by counsel and testified in his own behalf. (AR at 410-23). A medical expert and a vocational expert also testified at the hearing. (AR at 395-410, 424-28). On October 29, 2008, the ALJ issued a decision denying Plaintiff's applications for DIB and SSI. (AR at 11-20). The ALJ found that Plaintiff: (1) has not engaged in substantial gainful activity since his alleged onset date of disability (step 1); (2) suffers from the severe impairment of degenerative disc disease of the lumbar spine (step 2); (3) does not have any impairments that meet or equal a Listed impairment (step 3); (4) has the residual functional capacity ("RFC") to perform a range of sedentary work;[1] (5) is unable to perform his past relevant work; but (6) is capable of performing other work that exists in significant numbers in the economy, including work as a bench assembler, lens gauger, and table worker. (AR at 13-14, 18-19). The Appeals Council denied review on January 22, 2009. (AR at 2-4).

---

[1] Specifically, the ALJ found that Plaintiff is able to lift and carry 10 pounds occasionally and less than 10 pounds frequently, stand and walk two hours out of an eight-hour workday, and sit for six hours in an eight-hour workday. (AR at 14). Plaintiff is precluded from engaging in work that involves climbing ladders, walking on uneven surfaces, unprotected heights, balancing, and the use of vibrating tools. (AR at 14). Plaintiff is limited to occasional bending, stooping, kneeling, squatting, and crawling. (AR at 14).

Plaintiff commenced this action for judicial review on March 5, 2009. On December 4, 2009, the parties filed a Joint Stipulation presenting the disputed issues. Plaintiff contends that the ALJ failed to: (1) properly consider the treating physician's opinion; (2) properly consider the treating psychiatrists's opinions; (3) properly evaluate Plaintiff's mental impairment; (4) comply with Social Security Ruling ("SSR") 96-7p regarding the type, dosage, effectiveness, and side effects of Plaintiff's medications; (5) properly consider lay witness testimony; (6) properly evaluate Plaintiff's credibility; and (7) pose a complete hypothetical question to the vocational expert. Plaintiff seeks remand for payment of benefits or, in the alternative, remand for further administrative proceedings. (Joint Stipulation at 30-31). The Commissioner requests that the ALJ's decision be affirmed. (Joint Stipulation at 31). The Joint Stipulation has been taken under submission without oral argument.

## II.  Standard of Review

Under 42 U.S.C. § 405(g), a district court may review the Commissioner's decision to deny benefits. The Commissioner's or ALJ's findings and decision should be upheld if they are free from legal error and are supported by substantial evidence based on the record as a whole. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Parra v. Astrue*, 481 F.3d 742, 746 (9th Cir. 2007). Substantial evidence means such evidence as a reasonable person might accept as adequate to support a conclusion. *Richardson*, 402 U.S. at 401; *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007). It is more than a scintilla, but less than a preponderance. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (citing *Robbins v. Soc. Sec. Admin.*,

466 F.3d 880, 882 (9th Cir. 2006)). To determine whether substantial evidence supports a finding, the reviewing court "must review the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1996). "If the evidence can reasonably support either affirming or reversing," the reviewing court "may not substitute its judgment" for that of the Commissioner. *Id.* at 720-721.

## III. DISCUSSION

### A.  Treating Physician's Opinion

In evaluating medical opinions, the case law and regulations distinguish among the opinions of three types of physicians: (1) those who treat the claimant (treating physicians); (2) those who examine but do not treat the claimant (examining physicians); and (3) those who neither examine nor treat the claimant (non-examining physicians). *See* 20 C.F.R. §§ 404.1502, 416.927; *see also Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996). As a general rule, the opinions of treating physicians are given greater weight than those of other physicians, because treating physicians are employed to cure and therefore have a greater opportunity to know and observe the claimant. *Smolen v. Chater*, 80 F.3d 1273, 1285 (9th Cir. 1996); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (citing *Sprague v. Bowen*, 812 F.2d 1226, 1230 (9th Cir. 1987)). The treating physician's opinion is not, however, necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes*, 881 F.2d at 751. The weight given a treating physician's opinion depends on whether it is supported by sufficient medical data and is consistent with other evidence in the

record. 20 C.F.R. §§ 404.1527(d), 416.927(d). Where the treating physician's opinion is uncontradicted, it may be rejected only for "clear and convincing" reasons. *Lester*, 81 F.3d at 830. If the treating physician's opinion is contradicted by another physician, the ALJ may only reject the opinion of the treating physician if the ALJ provides specific and legitimate reasons for doing so that are based on substantial evidence in the record. *See Lester*, 81 F.3d at 830.

Plaintiff contends that the ALJ failed to properly consider the opinion of his treating physician, Romeo Rodriguez, M.D. (Joint Stipulation at 3-6, 8-9). As discussed below, the Court agrees with Plaintiff.

The record contains treatment notes from Dr. Rodriguez, a general practitioner, dating back to February 2004. (AR at 227-34, 236-38, 240-41, 245, 306-15). Dr. Rodriguez saw Petitioner for a variety of conditions, including right elbow pain, right knee sprain, lumbar spine problems, anxiety, depression, and a benign pituitary tumor. (AR at 227-34, 236-38, 240-41, 306-15, 395-98). On November 3, 2007, Dr. Rodriguez completed a "Medical Opinion Re: Ability to Do Work-Related Activities (Physical)" (the "Work-Related Activities form") concerning Plaintiff's ability to perform work-activities on a day-to-day basis. (AR at 302-04). Dr. Rodriguez indicated that Plaintiff could perform the following: lift and carry 10 pounds on a frequent basis;[2] stand and walk (with normal breaks) about two hours during an eight-hour day; and sit (with normal breaks) about two hours during an eight-hour day. (AR at 302).

---

[2] The Court notes that Dr. Rodriguez also indicated that Plaintiff could lift and carry *less* than 10 pounds occasionally. (AR at 302). While this restriction appears to be inconsistent with his finding that Plaintiff could lift 10 pounds frequently, any discrepancy does not have a material impact on the Court's analysis of Plaintiff's claim.

Dr. Rodriguez also indicated that Plaintiff could sit for 20 minutes before changing position, and stand for 30 minutes before changing position. (AR at 302-03). Dr. Rodriguez further noted that Plaintiff needs the opportunity to walk around every 30 minutes for a duration of 30 minutes at a time, shift at will from sitting or standing/walking, and lie down approximately every two hours during a work shift. (AR at 303). Dr. Rodriguez attributed these exertional restrictions to Plaintiff's severe low back pain, radiculopathy, and a shoulder impairment. (AR at 303).

Dr. Rodriguez found that Plaintiff could occasionally twist and climb stairs, but should never stoop (bend), crouch, or climb ladders. (AR at 303). Dr. Rodriguez opined that Plaintiff's severe pain and herniated disc effected his ability to reach (including overhead), push, and pull. (AR at 303).

As for environmental restrictions, Dr. Rodriguez determined that Plaintiff needs to avoid all exposure to extreme cold, extreme heat, wetness, humidity, and hazards (machinery, heights, etc.), and should avoid moderate exposure to fumes, odors, dusts, gases, poor ventilation, etc. (AR at 304). Dr. Rodriguez cited Plaintiff's pain, radiculopathy, and lumbar spine problems as supportive of these restrictions. (AR at 304).

Finally, Dr. Rodriguez concluded that Plaintiff is likely to be absent from work more than three times a month as a result of his impairments or treatment. (AR at 304).

In the decision, the ALJ stated that Dr. Rodriguez's opinion was entitled to "no significant weight" because (1) the medical evidence did not support the functional limitations assessed by Dr. Rodriguez; and (2) Plaintiff was not completely credible regarding his allegations of

pain. (AR at 18). The ALJ did not state specific, legitimate reasons for rejecting Dr. Rodriguez's opinion. *See Lester*, 81 F.3d at 830.

First, the ALJ's finding that Dr. Rodriguez's opinion was not supported by the medical evidence is contrary to the evidence of record and flies in the face of the treating physician rule. In the Work-Related Activities form Dr. Rodriguez provided support for the limitations assessed by citing specific medical findings i.e., that Plaintiff suffers from low back pain, a herniated disc, and radiculopathy. (AR at 302-04). Dr. Rodriguez's treatment records, which pertain to treatment over a four-year period, provided support for his opinion. (AR at 230-34, 236-38, 240, 245-50, 302-04). Given Dr. Rodriguez's experience with Plaintiff's medical conditions and the length of treatment, Dr. Rodriguez was uniquely qualified in assessing Plaintiff's work-related limitations. *See Smolen*, 80 F.3d at 1279; *Lester*, 81 F.3d at 833 ("[t]he treating physician's continuing relationship with the claimant makes him especially qualified ... to form an overall conclusion as to functional capacities and limitations, as well as prescribe or approve the overall course of treatment"). Further, if the ALJ questioned the objective basis for Dr. Rodriguez's opinion, he should have inquired further. *See, e.g., Smolen*, 80 F.3d at 1288 ("If the ALJ thought he needed to know the basis of [the treating physician's opinion] in order to evaluate [it], he had a duty to conduct an appropriate inquiry."); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); SSR 96-5p (because treating source evidence is important, when a treating opinion is ambiguous, inconsistent, incomplete, or appears not to be based on objective findings, the ALJ must make "every reasonable effort" to recontact the treating medical source for clarification). Thus, the ALJ's finding that the medical

evidence did not support Dr. Rodriguez's assessment was conclusory and did not constitute an adequate basis for rejecting his opinion.

Second, contrary to the ALJ's finding, Plaintiff's credibility or lack thereof, did not undermine Dr. Rodriguez's opinion. (AR at 18). Far from basing his opinion primarily on Plaintiff's subjective complaints of pain, Dr. Rodriguez conducted numerous physical examinations of Plaintiff and reviewed radiological studies of Plaintiff's lumbar spine. Clearly, Dr. Rodriguez did not rely primarily on Plaintiff's subjective complaints in rendering his diagnosis and assessment of limitations. Rather, his opinion was informed by his examinations and treatment of Plaintiff.

Finally, the ALJ stated that he was giving the greatest weight to the opinion of the non-examining medical expert, Arthur Lorber, M.D. (AR at 18). However, "[t]he opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." *Lester*, 81 F.3d at 831. The opinion of a non-examining physician may serve as substantial evidence only when it is consistent with other independent evidence in the record. *Id*. at 830-31. Thus, the opinion of Dr. Lorber, without more, does not provide the substantial evidence required to reject the opinion of Dr. Rodriguez, a treating physician.[3]

---

[3] The Commissioner asserts the opinion of the consultative examiner, Frederick C. Workmon, M.D., who concluded that Plaintiff was capable of light work, provided substantial evidence and a specific, legitimate reason to reject Dr. Rodriguez's opinion. (Joint Stipulation at 7). However, the ALJ did not cite Dr. Workmon's report as a reason for rejecting Dr. Rodriguez's opinion, nor did the ALJ accept Dr. Workmon's assessment of Plaintiff's work-related limitations. (AR at 16, 18). Therefore, Dr. Workmon's findings did not constitute substantial evidence for rejecting Dr. Rodriguez's opinion.

8

**IV. Conclusion**

The final issue to be resolved is whether the case should be remanded for further proceedings or for an award of benefits. In general, the choice whether to reverse and remand for further administrative proceedings, or to reverse and simply award benefits, is within the discretion of the Court. *See Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000) (holding that the district court's decision whether to remand for further proceedings or for payment of benefits is discretionary and is subject to review for abuse of discretion)). "[T]he decision whether to remand for further proceedings turns upon the likely utility of such proceedings." *Id.* at 1179; *see Benecke v. Barnhart*, 379 F.3d 587, 593 (9th Cir. 2004) (noting that a remand for further administrative proceedings is appropriate "if enhancement of the record would be useful").

Here, the record was not sufficiently developed to reject Dr. Rodriguez's opinion to the extent the ALJ believed that Dr. Rodriguez's opinion was unsupported by objective evidence or that his treatment notes did not contain all the necessary information. It would have required little effort to recontact Dr. Rodriguez to determine the basis of his opinion. *See Smolen*, 80 F.3d at 1288. Accordingly, on remand, the ALJ should attempt to resolve any perceived inadequacies and fully develop the record, which may involve recontacting Dr. Rodriguez.[4]

---

[4] Because the record is not sufficiently developed to support a determination of disability without further proceedings, the Court will not decide whether the remaining issues raised by Plaintiff would independently require reversal. *See Bunnell v. Barnhart*, 336 F.3d 1112, 1115-16 (9th Cir. 2003) (where there are outstanding issues that must be resolved before a determination of disability can be made, and it is not clear from the record that the ALJ would be required to find the claimant disabled if all the evidence were properly evaluated, remand is appropriate).

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that this action be **REMANDED** for further proceedings consistent with this Memorandum Opinion.

DATED: January 22, 2010

_____
MARC L. GOLDMAN
United States Magistrate Judge